**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FMG EXPRESS FACILITY MANAGEMENT GROUP LLC,

*Plaintiff,*

v.

TRIPLETT CONTRACTING LLC; and
TIMOUR TRIPLETT,

*Defendants*.

Case No. 1:23-cv-02173-JHR

**ANSWER**

---

Defendants Triplett Contracting LLC ("Triplett Contracting") and Timour Triplett ("Mr. Triplett") (collectively, "Defendants"), by and through their attorneys, Thompson & Skrabanek, PLLC, as and for their Answer to the Complaint filed by FMG Express Facility Management Group LLC ("FMG" or "Plaintiff"), hereby respond as follows:

## INTRODUCTION

1.      Defendants deny the allegations in paragraph 1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.      Defendants admit the allegations set forth in paragraph 4.

5.      Defendants admit the allegations set forth in paragraph 5.

6.      Defendants admit the allegations set forth in paragraph 6.

## JURISDICTION AND VENUE

7.      The allegations set forth in paragraph 7 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

1

8.      The allegations set forth in paragraph 8 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

9.      The allegations set forth in paragraph 9 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

10.     The allegations set forth in paragraph 10 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

11.     The allegations set forth in paragraph 11 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

## FACTUAL BACKGROUND

### I.    Triplett Targets EFM and Pursues a Business Relationship

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Defendants admit that Mr. Triplett is the founder of Triplett Contracting but deny the remaining allegations in paragraph 15 as characterized.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Paragraph 19 contains no allegations to admit or deny.

20.     Defendants deny the allegations in paragraph 20.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.    The allegations set forth in paragraph 24 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

## II.    Triplett Targets EFM and Pursues a Business Relationship

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants admit the allegations in paragraph 30.

31.    Defendants admit the allegations in paragraph 31.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

## II.     EFM and Triplett Contracting Execute a Letter of Intent to Service EFM's Carvana Account.

36.     Defendants admit the allegations in paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit the allegations in paragraph 38.

39.     The allegations set forth in paragraph 39 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

40.     The allegations set forth in paragraph 40 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

41.     The allegations set forth in paragraph 41 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

42.     The allegations set forth in paragraph 42 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

43. The allegations set forth in paragraph 43 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

44. The allegations set forth in paragraph 44 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

### III. EFM and Triplett Contracting Execute Service Agreements To Service The Carvana Locations.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46. The allegations set forth in paragraph 46 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

47. The allegations set forth in paragraph 47 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

48. The allegations set forth in paragraph 48 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

49. The allegations set forth in paragraph 49 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

50.    The allegations set forth in paragraph 50 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

51.    The allegations set forth in paragraph 51 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document described speaks for itself.

52.    Defendants deny the allegations in paragraph 52 as characterized.

53.    Paragraph 53 contains no allegations to admit or deny.

54.    Defendant admit that Triplett Contracting entered into an agreement with Plaintiff. The remaining allegations set forth in paragraph 54 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

## IV.    Key Terms and Components of the Agreement.

### A.    The Service Agreements.

55.    The allegations set forth in paragraph 55 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

56.    The allegations set forth in paragraph 56 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

57.    The allegations set forth in paragraph 57 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

58.    The allegations set forth in paragraph 58 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

59.    The allegations set forth in paragraph 59 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

60.    The allegations set forth in paragraph 60 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

61.    The allegations set forth in paragraph 61 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

62.    The allegations set forth in paragraph 62 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

63.    The allegations set forth in paragraph 63 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

64.    The allegations set forth in paragraph 64 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

65. The allegations set forth in paragraph 65 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

66. The allegations set forth in paragraph 66 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

67. The allegations set forth in paragraph 67 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

68. The allegations set forth in paragraph 68 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

69. The allegations set forth in paragraph 69 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

70. The allegations set forth in paragraph 70 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

71. The allegations set forth in paragraph 71 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

72.    The allegations set forth in paragraph 72 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

73.    The allegations set forth in paragraph 73 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

### B.    Terms & Conditions.

74.    The allegations set forth in paragraph 74 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

75.    Paragraph 75 contains no allegations to admit or deny.

76.    The allegations set forth in paragraph 76 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

### V.    Triplett Breaches the Agreement In Connection With Servicing the Carvana Locations.

### A.    Triplett Failed To Properly Stage The 4 Large ICs.

77.    Defendants admit that the Award Letter was delivered on or around October 20, 2022. Defendants deny the remaining allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants deny that EFM did not receive an adequate response. Defendants admit the remaining allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether and when Carvana contacted EFM. Defendants deny the remaining allegations in paragraph 82.

83.    Defendants admit the allegations in paragraph 83.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations paragraph 84.

85.    Defendants deny the allegations in paragraph 85.

86.    Defendants deny the allegations in paragraph 86.

87.    Defendants admit the allegations in paragraph 87.

88.    Defendants admit the allegations in paragraph 88.

89.    Defendants deny the allegations in paragraph 89.

90.    Defendants admit that a notice of contract deficiency was provided. Defendants deny the remaining allegations in paragraph 90.

91.    Defendants deny the allegations in paragraph 91.

92.    Defendants admit the allegations in paragraph 92.

93.    The allegations set forth in paragraph 93 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. Omitted from the preceding paragraphs is the fact that Defendants were in near constant contact with EFM, that EFM's needs were constantly changing, that EFM sometimes reassured Defendants that EFM's needs were not as dire as they sometimes represented and that Defendants were not obligated to strictly comply with the onerous demands called for in the contract(s), and that EFM did not timely pay the first invoice due under the contract(s).

94.    Defendants deny the allegations in paragraph 94.

B.    **Triplett Failed To Properly Provide Snow Removal Services When Required, Resulting in Additional Breaches Of The Agreement.**

95.    The allegations set forth in paragraph 95 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

96.    Paragraph 96 contains no allegations to admit or deny.

i.    *Milwaukee Hub.*

97.    Defendants deny the allegations in paragraph 97.

98.    Defendants admit the allegations in paragraph 98.

99.    Defendants admit the allegations in paragraph 99.

100.    Defendants admit the allegations in paragraph 100.

101.    Defendants admit the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants admit the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit the allegations in paragraph 105.

106.    Defendants admit the allegations in paragraph 106.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding calls received by EFM from the Milwaukee Hub or when EFM followed up with Triplett Contracting. Defendants admit the remaining allegations in paragraph 108.

109.    Defendants admit the allegations in paragraph 109.

11

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.    Defendants admit the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants admit deny the allegations in paragraph 118.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    Defendants deny the allegations in paragraph 121.

*ii.    Eagan Hub.*

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants admit the allegations in paragraph 123.

124.    Defendants admit the allegations in paragraph 124.

125.    Defendants admit the allegations in paragraph 125.

126.    Defendants admit the allegations in paragraph 126.

127.    Defendants admit the allegations in paragraph 127.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Defendants admit the allegations in paragraph 131.

132.    Defendants admit the allegations in paragraph 132.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants deny the allegations in paragraph 137.

### iii.    *University Park IC.*

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants admit the allegations in paragraph 138.

140.    Defendants admit the allegations in paragraph 140.

141.    Defendants admit the allegations in paragraph 141.

142.    Defendants admit the allegations in paragraph 142.

143.    Defendants admit the allegations in paragraph 143.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

152.    Defendants deny the allegations in paragraph 152.

### *iv.    Trenton IC.*

153.    Defendants deny the allegations in paragraph 153.

154.    Defendants admit the allegations in paragraph 154.

155.    Defendants admit the allegations in paragraph 155.

156.    Defendants admit the allegations in paragraph 156.

157.    Defendants admit the allegations in paragraph 157.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.    Defendants admit the allegations in paragraph 159.

160.    Defendants deny the allegations in paragraph 160.

161.    Defendants deny the allegations in paragraph 161.

162.    Defendants deny the allegations in paragraph 162.

163.    Defendants deny the allegations in paragraph 163.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants admit the allegations in paragraph 166.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    Defendants deny the allegations in paragraph 169.

170.    Defendants deny the allegations in paragraph 170.

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.    Defendants deny the allegations in paragraph 173 as characterized.

174.    Defendants deny the allegations in paragraph 174.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

181. Defendants deny the allegations in paragraph 181.

182. Defendants admit the allegations in paragraph 182.

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185. Defendants deny the allegations in paragraph 185.

186. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

187. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188.

189. Defendants deny the allegations in paragraph 189.

190. Defendants admit that EFM issued a notice of contract termination but deny the remaining allegations in paragraph 190.

191. Defendants admit that Triplett terminated the contract but deny the remaining allegations in paragraph 191.

192.    The allegations set forth in paragraph 192 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

## VI.    Carvana Informs EFM That Carvana Will Not Be Renewing EFM's Snow Removal Contract For The 2023-2024 Winter Season And Beyond.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197.

198.    Defendants deny the allegations in paragraph 198 as characterized.

199.    Defendants DENY the allegations in paragraph 199.

200.    Defendants deny the allegations in paragraph 200 as characterized.

201.    Paragraph 201 contains no allegations to admit or deny.

202.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

203.    Defendants admit that Plaintiff purported to terminate the contract on January 27, 2023 but deny the remaining allegations in paragraph 203.

204.    Defendants deny the allegations in paragraph 204.

## COUNT I
### (Breach of Contract)
### (EFM v. Triplett Contracting)

205.    Paragraph 205 contains no allegations to admit or deny.

206.    The allegations set forth in paragraph 206 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

207.    Defendant admit that Triplett Contracting entered into an agreement with Plaintiff. The remaining allegations set forth in paragraph 207 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

208.    Defendants deny the allegations in paragraph 208.

209.    Defendants deny the allegations in paragraph 209.

210.    Defendants deny the allegations in paragraph 210 as characterized.

211.    The allegations set forth in paragraph 211 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

212.    The allegations set forth in paragraph 212 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

213.    The allegations set forth in paragraph 213 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

214.    The allegations set forth in paragraph 214 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

18

215. The allegations set forth in paragraph 215 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

216. Defendants admit that Plaintiff purported to terminate the contract but deny the remaining allegations in paragraph 216.

217. Defendants deny the allegations in paragraph 217.

218. Defendants deny the allegations in paragraph 218.

219. Defendants admit the allegations in paragraph 219.

220. Defendants deny the allegations in paragraph 220.

221. Defendants admit that Plaintiff purported to terminate the contract but deny the remaining allegations in paragraph 221 as characterized.

222. Defendants admit the allegations in paragraph 222.

223. Defendants deny the allegations in paragraph 223.

224. The allegations set forth in paragraph 224 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

225. The allegations set forth in paragraph 225 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

226. The allegations set forth in paragraph 226 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

227. The allegations set forth in paragraph 227 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

228. The allegations set forth in paragraph 228 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

229. Defendants deny the allegations in paragraph 229.

230. Defendants deny the allegations in paragraph 230.

231. Defendants deny the allegations in paragraph 231.

**COUNT II**
**(Unjust Enrichment)**
**(In the Alternative to Count I)**
**(EFM v. Triplett Contracting)**

232. Paragraph 232 contains no allegations to admit or deny.

233. Defendants deny the allegations in paragraph 233.

234. Defendants admit the allegations in paragraph 234.

235. Defendants admit the allegations in paragraph 235.

236. Defendants admit the allegations in paragraph 236.

237. Defendants deny the allegations in paragraph 237 as characterized.

238. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238.

239. The allegations set forth in paragraph 239 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

240. The allegations set forth in paragraph 240 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them.

241. Paragraph 241 contains no allegations to admit or deny.

242.    Defendants deny the allegations in paragraph 242.

## COUNT III
### (Fraud in the Inducement)
### (EFM v. All Defendants)

243.    Paragraph 243 contains no allegations to admit or deny.

244.    Defendants deny the allegations in paragraph 244.

245.    Defendants deny the allegations in paragraph 245.

246.    Defendants deny the allegations in paragraph 246.

247.    Defendants deny the allegations in paragraph 247.

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants deny the allegations in paragraph 249.

250.    Defendants deny the allegations in paragraph 250.

251.    Defendants deny the allegations in paragraph 251.

252.    Defendants deny the allegations in paragraph 252.

253.    Defendants deny the allegations in paragraph 253.

254.    Defendants deny the allegations in paragraph 254.

255.    Defendants deny the allegations in paragraph 255.

256.    Defendants deny the allegations in paragraph 256.

257.    Defendants deny the allegations in paragraph 257.

258.    Defendants deny the allegations in paragraph 258.

259.    Defendants deny the allegations in paragraph 259.

260.    Defendants deny the allegations in paragraph 260.

## COUNT IV
### (Tortious Interference with Business Relations and Prospective Economic Advantage)
### (EFM v. All Defendants)

261.    Paragraph 261 contains no allegations to admit or deny.

262.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262.

263.    Defendants deny the allegations in paragraph 263 as characterized.

264.    Defendants deny the allegations in paragraph 264.

265.    Defendants deny the allegations in paragraph 265.

266.    Defendants deny the allegations in paragraph 266.

267.    Defendants deny the allegations in paragraph 267.

268.    Defendants deny the allegations in paragraph 268.

269.    Defendants deny the allegations in paragraph 269.

270.    Defendants deny the allegations in paragraph 270.

271.    Defendants deny the allegations in paragraph 271.

272.    Defendants deny the allegations in paragraph 272 as characterized.

273.    The allegations set forth in paragraph 273 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

274.    The allegations set forth in paragraph 274 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

275.    Defendants deny the allegations in paragraph 275.

276.    Defendants deny the allegations in paragraph 276.

277.    Defendants deny the allegations in paragraph 277.

278.    Defendants deny the allegations in paragraph 278 as characterized.

279.    Defendants admit the allegations in paragraph 279.

280.    Defendants deny the allegations in paragraph 280.

281.    Defendants deny the allegations in paragraph 281.

282.    Defendants deny the allegations in paragraph 282 as characterized.

283.    The allegations set forth in paragraph 283 constitute legal conclusions that require neither an admission nor a denial, but if a response is required Defendants deny them. The document(s) described speaks for itself/themselves.

284.    Defendants deny the allegations in paragraph 284.

285.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285.

286.    Defendants deny the allegations in paragraph 286.

287.    Defendants deny the allegations in paragraph 287.

288.    Defendants deny the allegations in paragraph 288.

289.    Defendants deny the allegations in paragraph 289.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state a valid cause of action or claim upon which relief may be properly granted against Defendants.

2.    Plaintiff's claims are barred by Plaintiff's prior material breach.

3.    Plaintiff's claims are barred because it has breached its duty of good faith and fair dealing.

4.    Plaintiff's claims are barred, in whole or in part, because Defendants did not damage Plaintiff in the sum or manner alleged, or in any sum or manner at all.

5.    Plaintiff's claims are barred, in whole or in part, insofar as Defendants' alleged

actions or omissions were not the proximate cause of any alleged injury, loss, and/or damages incurred by Plaintiff.

6.      Plaintiff's claims are barred, in whole or in part, for its failure to mitigate its alleged damages.

7.      Plaintiff's causes of action are barred, in whole or in part, because Defendants has, at all relevant times, acted in good faith.

8.      Plaintiff's claims are barred, in whole or in part, by estoppel and/or waiver.

9.      Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff made misrepresentations to Defendants for which Plaintiff now seeks redress.

10.     Plaintiff's claims are barred for failure to satisfy conditions precedent.

11.     In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiff.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff with respect to its claims asserted herein, dismissing the Complaint in this action, and awarding Defendants the following relief:

A. Enter judgment in Defendants' favor and against Plaintiff on all claims herein;

B. Award Defendants compensatory damages in an amount to be determined by a jury at trial, plus interests and costs, in an amount to be determined at trial;

C. Award Defendants reasonable attorneys' fees, costs, and expenses;

D. Such other and further relief as is just and proper under the circumstances.

24

## DEMAND FOR JURY TRIAL

Defendants hereby respectfully make a demand for trial by a jury of their peers.

Dated: New York, New York
June 5, 2023

THOMPSON & SKRABANEK, PLLC

By:

J.R. Skrabanek
42 W. 38th Street, Suite 1002
New York, NY 10018
Tel: (646) 568-4280
jrs@ts-firm.com

ATTORNEYS FOR DEFENDANTS

25